UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| IVAN BARASHKOFF, | ) | CASE NO. C08-1121-JCC-MAT |
| Petitioner, | ) | |
| v. | ) | ORDER TO SHOW CAUSE |
| CITY OF SEATTLE, | ) | |
| Respondent. | ) | |

Petitioner, proceeding *pro se* and *in forma pauperis*, submitted a 28 U.S.C. § 2254 habeas corpus petition. (Dkt. 1.) He seeks to challenge a April 4, 2008 conviction and sentencing. However, it is apparent from the petition that petitioner has not yet exhausted his state remedies.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, a petitioner must present each of his claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993). *See also O'Sullivan v. Boerckel*, 526 U.S. 838,

ORDER TO SHOW CAUSE
PAGE -1

845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [] state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Here, petitioner was only very recently convicted and sentenced. He asserts that he began the appeals process before his trial took place and concedes that review of his case remains pending in state court.

Accordingly, because petitioner has not yet exhausted his state remedies, his habeas petition is subject to dismissal without prejudice.[1] Petitioner is hereby ORDERED to show cause why this petition should not be dismissed without prejudice within **thirty (30) days** of the date of this Order. The Clerk is directed to send a copy of this Order to the Honorable John C.

---

[1] The Court also notes other deficiencies in the proposed petition. First, petitioner failed to name the correct respondent. A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). That person typically is the warden of the facility in which the petitioner is incarcerated. *Id*. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. *Stanley*, 21 F.3d at 360. Here, petitioner names the City of Seattle as respondent. If petitioner were able to establish exhaustion, he would have to name the proper respondent in order to pursue habeas relief in this Court. Second, petitioner fails to clarify with specificity the various constitutional grounds he pursues in this habeas petition. The Court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his grounds was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(a) and (d)(1). Petitioner must prove that his custody violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); *see also McKenzie v. McCormick*, 27 F.3d 1415, 1418-19 (9th Cir. 1994). This issue is presumably complicated by the fact that it does not appear that petitioner has yet exhausted his state remedies through an appeal and/or a personal restraint petition.

ORDER TO SHOW CAUSE
PAGE -2

01 | Coughenour.

02 | DATED this 5th day of August, 2008.

_____
Mary Alice Theiler
United States Magistrate Judge

ORDER TO SHOW CAUSE
PAGE -3