UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IVAN BARASHKOFF,

    Petitioner,

v.

CITY OF SEATTLE,

    Respondent.

CASE NO. C08-1121-JCC

ORDER

This matter comes before the Court on Petitioner's Request for a Certificate of Appealability ("COA") (Dkt. No. 56) and Petitioner's Reply (Dkt. No. 58). Having reviewed these papers and Petitioner's numerous other filings, the Court hereby DENIES Petitioner's application for a COA and rules as follows.

I. **BACKGROUND**

On August 4, 2008, Petitioner filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254, challenging an April 24, 2008, conviction and sentence. (Petition 1 (Dkt. No. 8).) The petition stated that his appeal to the Superior Court of King County was still pending. (*Id.* at 2.) After issuing an Order to Show Cause why the petition should not be dismissed for failure to exhaust state remedies and other deficiencies (Dkt. No. 11), United States Magistrate Judge Mary Alice Theiler prepared a Report and Recommendation ("R&R") for this Court's review, recommending that Petitioner's habeas petition be

ORDER – 1

dismissed without prejudice primarily because Petitioner failed to demonstrate that he exhausted his state remedies but also noting that Petitioner failed to amend his petition to name a proper respondent and failed to clarify with specificity the various constitutional grounds he wished to pursue in his habeas petition. (R&R 2–3 (Dkt. No. 32).) On November 21, 2008, this Court adopted the R&R over Petitioner's numerous objections. Petitioner now asks the Court for a certificate of appealability so that he may appeal the denial of his habeas petition to the Ninth Circuit Court of Appeals. (Mot. For COA 1 (Dkt. No. 56).)

## II.   LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the petitioner must make an application for a COA in the district court before the Court of Appeals may act on a request for appellate review. 28 U.S.C. § 2253(c)(1). The court may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires petitioner to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007) (citing *Barefoot v. Estelle* 463 U.S. 880, 893 n. 4 (1983) (alterations in the original, internal quotation marks omitted)); *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III.   ANALYSIS

Petitioner argues that the Court should grant his request for a COA because "the entire 6 pages [of the order dismissing the habeas petition] and explanations of facts and law are all LIES." (Mot. 1 (Dkt. No. 56).) However, as the R&R that this Court adopted explained, Petitioner failed not only to "provide any information in his various submissions to the Court correcting the impression that he has failed to exhaust his state remedies in relation to his conviction," (R&R 2 (Dkt. No. 32)), but also "failed to clarify with specificity the various constitutional grounds he pursues in his habeas petition." (*Id*. at 3.) Although Petitioner has filed numerous submissions to the Court in which he makes conclusory

ORDER – 2

arguments that he did exhaust his state remedies and did explain his constitutional claims, the Court is not persuaded that Petitioner has made a substantial showing of the denial of a constitutional right. Accordingly, the Court must DENY Petitioner's request for a COA.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Petitioner's Request for a Certificate of Appealability (Dkt. No. 56).

SO ORDERED this 3rd day of February, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE